# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**MICHAEL COOPER**,

        Petitioner,

    v.

**BRANDON KELLY**,

        Respondent.

Case No. 6:17-cv-01402-JE

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge John Jelderks issued Findings and Recommendation in this case on March 18, 2019. ECF 53. Magistrate Judge Jelderks recommended that the Petition for Writ of Habeas Corpus (ECF 2) should be dismissed.

    Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations,

"the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner filed an objection. ECF 60. Petitioner argues that the sentences for the four counts of rape in the first degree for which Petitioner was convicted should run concurrently, not consecutively, and therefore his sentence should have expired in 2007. The Court has reviewed *de novo* those portions of Magistrate Judge Jelderks's Findings and Recommendation to which Petitioner has objected. The Court agrees with Judge Jelderks that Petitioner's challenge is an unauthorized successive habeas petition. Petitioner filed his first federal habeas corpus petition in 2000 and, after full briefing on the merits, his petition was denied in 2003. The Ninth Circuit affirmed that decision in a published opinion. *Cooper-Smith v. Palmateer*, 397 F.3d 1236 (9th Cir. 2005). Petitioner now brings a second federal habeas petition. As the Supreme Court has explained:

> The Antiterrorism and Effective Death Penalty Act of 1996
> (AEDPA) established a stringent set of procedures that a prisoner
> "in custody pursuant to the judgment of a State court," 28 U.S.C. §
> 2254(a), must follow if he wishes to file a "second or successive"
> habeas corpus application challenging that custody, § 2244(b)(1).
> In pertinent part, before filing the application in the district court, a
> prisoner "shall move in the appropriate court of appeals for an §
> 2244(b)(3)(A). A three-judge panel of the court of appeals may
> authorize the filing of the second or successive application only if
> it presents a claim not previously raised that satisfies one of the
> two grounds articulated in § 2244(b)(2).

*Burton v. Stewart*, 549 U.S. 147, 152–53 (2007).

The Court agrees with Magistrate Judge Jelderks's reasoning regarding the successive nature of Petitioner's federal habeas petition and ADOPTS the Findings and Recommendation. The Petition for Writ of Habeas Corpus (ECF 2) is DENIED and this case is DISMISSED with prejudice. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 24th day of June, 2019.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge